Marshall, Ch. J.,
delivered the opinion of the court, as follows : — The principles settled in the case of The Rapid decides this cause, so far as respects the character of the Alexander and her cargo. In open sea, unpressed by any peculiar danger, with a full knowledge of the war, she changes her course and seeks an enemy’s port. If such an act could be justified, it were vain to prohibit trade with the enemy. The subsequent traffic in the enemy country, by which her return-cargo was obtained, connects itself with this voluntary sailing for an enemy port; nor does the circumstance that she was carried by force into Ireland, when her actual destination was England, break the chain. The conduct of the Alexander is much less to be defended than that of the Rapid.
■ But it is alleged, by the claimants, that in this case there was no actual capture. This allegation cannot, in the opinion of the court, be sustained. That the America took possession of the Alexander, with the intention of making prize of that part of her cargo which might be deemed British, is not controverted. How was this intention to be executed, how was this part of the cargo to be libelled, if it was not captured ? And if such part of the cargo as might eventually be British, was captured, and the whole remained together in the vessel, how can the capture be considered as partial ?
The inability of the prize master to secure the captured vessel against a rescue, should one be attempted, his inability to bring in the vessel, without the aid of the hands belonging to her, is, in reason, no proof of abandonment. If the circumstances of the captured vessel be such as to do away all apprehension of rescue, and inspire confidence that the crew will bring her into port, no reason is perceived, why the property of the captor may *115 not be retained as well by a prize-master alone, as by a considerable detachment from his crew. The cases cited to this point by the counsel for the captors are entirely satisfactory.
But it has been truly observed, that it is not non-capture, but abandonment, for which the complainants in fact contend. *But while the J whole cargo remains together, claimed by the captor, if it be enemy property, how can any part of it be said to be abandoned ? If it was entirely abandoned, for what purpose was one of the crew of the America put on board the Alexander ?
With as little reason do the claimants seek to shelter themselves under the instructions of the 28th of August 1812. Those instructions apply, in express terms, to such American vessels as have sailed from Great Britain for the United States, “ in consequence of the alleged repeal of the British orders in council.” A vessel which sailed while those orders were not alleged to be repealed, cannot bring herself within these instructions. But it is alleged, that these instructions are still issued, and must mean something. Rather than ascribe their continuance to inattention, the counsel for the claimants would give them a construction in direct hostility with then-letter and spirit. Were this reasoning even admitted to be correct, which it is not, it would become the duty of the court to be astute in finding some object to which they might possibly apply. It is possible, though certainly it is barely possible, that some vessels which sailed from England while the orders of council were supposed to be repealed, may not yet have reached the United States. It would be more reasonable, to reserve these instructions for such possible case, than to apply them to cases which can neither be brought within their words nor their meaning. The sentence is affirmed, with costs.
Sentence affirmed.